IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MADISON COLLINS, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 07-497 (HHK) |
| v. ) | |
| ) | |
| **METROPOLITAN WASHINGTON** ) | |
| **COUNCIL OF GOVERNMENTS,** ) | |
| ) | |
| **and,** ) | |
| ) | |
| **MARIE RICASA,** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER

Defendants, Metropolitan Washington Council of Government ("MWCOG"), and Marie Ricasa, by their undersigned counsel and pursuant to Rule 8(b) and Rule 12 of the Federal Rules of Civil Procedure, respectfully answer Plaintiff's Complaint and state as follows.

Plaintiff's Complaint does not use numbered paragraphs, and moreover, the Complaint is a string of rambling allegations. Thus, Defendants must respectfully deny all the allegations in the Complaint. Without limiting this general denial, Defendants specifically deny the following:

1.     Defendants deny Plaintiff was harassed, and Defendants deny any claim of race or sex discrimination.

2.     Defendants deny the Plaintiff was threatened or physically assaulted.

3.     Defendants deny the Plaintiff was forced to resign and deny there was a constructive discharge.

4.     Defendants do admit the Plaintiff, who is a black male, worked for Defendant Metropolitan Washington Council of Governments and that he was hired by and supervised by

DC1 30201021.1

Calvin Smith, who is a black male. Defendants also note that after Plaintiff resigned from his job, he was replaced by a black male.

5. Defendants also admit that the Complaint accurately states that Plaintiff and Defendant Ricasa initially had "a mutual working respect and friendly working relationship. Ms. Ricasa would offer to buy [Plaintiff] lunch or share breakfast with [Plaintiff] almost daily." Defendants note that this fact is inconsistent with Plaintiff's later claim that Defendant Ricasa was afraid of Plaintiff because she had been previously assaulted by a black man.

6. Defendants admit that Defendant Ricasa filed a charge of sexual harassment against Plaintiff and Defendant MWCOG investigated the charge.

7. Defendants also note that the Complaint is untimely. The EEOC on November 16, 2006 made a finding of no probable cause and issued a right to sue notice (copy attached). Under the "mailbox rule," the March 16, 2007 Complaint is beyond the 93 days to file a Complaint. Moreover, the hand injury claim is barred by the workers' compensation exclusivity provision, which makes workers' compensation the exclusive remedy for injuries caused at work, and protects both the employer and co-workers' from law suits based on work place injuries.

All other allegations set forth in Plaintiff's Complaint not heretofore admitted or denied are hereby specifically and fully denied.

## PRAYER FOR RELIEF

MWCOG denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Insufficiency of process

## THIRD AFFIRMATIVE DEFENSE

Insufficiency of service of process.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state any statutory or common law basis for recovery.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his administrative remedies.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims are barred by the D.C. Workers' Compensation Act's exclusivity provision.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his own contributory negligence or assumption of the risk.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages properly.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants state that Plaintiff's resignation of employment was not a constructive discharge.

## TWELFTH AFFIRMATIVE DEFENSE

The WCOG may not be held liable for any of the alleged conduct complained of by Plaintiff because Defendant had an established procedure for reporting complaints of discrimination and had no prior notice of the alleged behavior.

WHEREFORE, Defendants respectfully request judgment dismissing the Complaint in its entirety and that judgment be entered in its favor and that it be awarded its costs, inclusive of attorneys' fees and such other relief as the Court may deem just and proper.

                                          Respectfully submitted,

                                          METROPOLITAN WASHINGTON
                                          COUNCIL OF GOVERNMENTS and
                                          MARIE RICASA

                                          By_____/s/ Lawrence P. Postol_____
                                              Lawrence P. Postol, DC Bar No. 239277
                                              SEYFARTH SHAW LLP
                                              815 Connecticut Avenue, N.W., Suite 500
                                              Washington, DC  20006-4004
                                              (202) 463-2400

                                              Their Attorneys

Dated:  June 12, 2007

CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Answer was served by first class mail, postage prepaid, this 12th day of June, 2007, upon:

>Madison Collins, Jr.
>7157 Marbury Court
>District Heights, MD  20747

    /s/ Lawrence P. Postol
Lawrence P. Postol

DC1 30201021.1