IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MADISON COLLINS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-497 (HHK) |
| v. ) | |
| ) | |
| METROPOLITAN WASHINGTON ) | |
| COUNCIL OF GOVERNMENTS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADING**S**

Defendants, Metropolitan Washington Council of Governments ("MWCOG") and Marie Ricasa ("Ricasa"), by their undersigned counsel and pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure, respectfully move that they be granted judgment on the pleadings.

Defendants assert that Plaintiff's Complaint fails to state a claim upon which relief may be granted and that Plaintiff's Complaint is untimely. Defendants also assert that Ricasa may not be sued in her individual capacity. A supporting memorandum of points and authorities, to which the Court's attention is respectfully directed, is attached

    Respectfully submitted,

    METROPOLITAN WASHINGTON
    COUNCIL OF GOVERNMENTS and
    MARIE RICASA

    By   /s/ Lawrence P. Postol_____
       Lawrence P. Postol, DC Bar No. 239277
       James M. Mesnard, DC Bar No. 404385
       SEYFARTH SHAW LLP
       815 Connecticut Avenue, N.W., Suite 500
       Washington, DC  20006-4004
       (202) 463-2400

June 13, 2007                        Their Attorneys

CERTIFICATE OF SERVICE

    I certify that a true copy of the foregoing Defendant's Motion for Judgment on the Pleadings and Defendants' Memorandum of Points and Authorities in Support of Their Motion for Judgment on the Pleadings were served by first class mail, postage prepaid, this 13th day of June, 2007, upon:

        Madison Collins, Jr.
        7157 Marbury Court
        District Heights, MD  20747

          __/s/ Lawrence P. Postol_____
          Lawrence P. Postol

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MADISON COLLINS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-497 (HHK) |
| v. ) | |
| ) | |
| METROPOLITAN WASHINGTON ) | |
| COUNCIL OF GOVERNMENTS, *et al.* ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants, the Metropolitan Washington Council of Governments ("MWCOG") and Marie Ricasa ("Ricasa"), by their undersigned counsel and pursuant to Local Rule 7(a), respectfully submit this memorandum of points and authorities in support of their motion for judgment on the pleadings.

FACTS ALLEGED BY PLAINTIFF[1]

This is an employment discrimination action. Plaintiff alleges that he was discriminated against because of his race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

Plaintiff initiated this action on approximately March 15, 2007 by filing a rambling nine (9) page Complaint in this Court. The paragraphs of the Complaint are not numbered and conclusory assertions are spread throughout the Complaint. As a result, it is difficult to discern

---

[1] In evaluating the sufficiency of a complaint, a court construes the factual allegations of the complaint are true. *See Jordan v. Jackson*, 15 F.3d 333, 336 (4th Cir. 1994); *Evans v. Work Opportunities Unlimited, Inc.*, 927 F. Supp. 554, 555 (D.N.H. 1996). Therefore, for purposes of this motion only. Defendants set forth the facts as Plaintiff alleges them. However, Defendants in no way admit – and indeed vigorously contest – Plaintiff's allegations. Moreover, many of the so called "facts" alleged by Plaintiff are conclusory assertions unsupported by any allegation of act. Such assertions are clearly insufficient to state a claim upon which relief may be granted. *Edgin v. Pavlina*, 131 F.R.D. 145, 149 (N.D. Ind. 1990).

what the factual allegations are. Nevertheless, it appears Collins alleges that he was hired by the MWCOG in October 2003 on a temporary basis (Complaint, page 2). Less than one year later, Collins received a permanent position as one of the administrative assistants to Mr. Calvin Smith. Smith is a black male (Complaint, page 2).

The Complaint asserts that there "was name calling and racial slurs directed at Mr. Smith . . . based on his race or gender" (Complaint, page 2). Plaintiff does not, however, state who engaged in the alleged name calling and he does not indicate what the slurs were. Plaintiff also alleges that there was "a very serious rodent problem" at MWCOG (Complaint, page 2) but does not indicate how this is related to his allegations of race and age discrimination.

Collins states that Ricasa, Smith's other administrative assistant, and he got along well – "friendly working relationship" - until some unidentified "structural change" occurred in August 2005 (Complaint, pages 2-3). Following this "structural change," whatever it may have been, Plaintiff's relationship with Ricasa purportedly changed. Collins claims that Ricasa would not assist him in coordinating a training event in October 2005 (Complaint, page 3). The Complaint does not indicate how Ricasa's alleged failure to assist him is related to his race or sex.

Plaintiff implies, but does not allege, that Ricasa interfered, in some unspecified manner, in the delivery of office mail to Collins (Complaint, page 4). Collins claims that Ricasa, who for months had willingly offered "to buy [Collins] lunch or share breakfast with [him] almost daily" (Complaint, page 2), suddenly started screaming and yelling at Plaintiff and threatening to make a complaint that Collins was sexually harassing Ricasa (Complaint, page 5).

The Complaint goes on to state that Ricasa did complain to the MWCOG that Collins was sexually harassing her and that the MWCOG investigated Ricasa's complaint (Complaint, page 5). According to Collins, he was "written up" for something but that he "refused to sign."

2

(Complaint, page 6). Instead, Collins advised the MWCOG that he intended to file "a charge of [his] own, because her charge was totally frivolous" (Complaint, page 6).

Plaintiff claims that he was "discriminated against by the entire COG Administration and management" (Complaint, page 6). Collins does not identify the individuals allegedly involved or describe how MWCOG's entire administrative staff and management team discriminated against him. Collins asserts that Ricasa was aggressive and violent towards him (Complaint, page 6) and that, on some unspecified date, Ricasa closed a door on Plaintiff's hand (Complaint, page 1).[2] Although it is less than clear, Plaintiff appears to allege that he was constructively discharged on some unspecified date, when he resigned from his employment.

ARGUMENT

I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO PRESENT ANY CLAIM UPON WHICH RELIEF MAY BE GRANTED

Rule 8(a) of the Federal Rules of Civil Procedure requires that, among other things, every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P.8(a). A complaint fails to comply with Rule 8(a) if it fails to set forth sufficient information to outline the elements of the claim or to permit inferences to be drawn

---

[2] Defendants deny Plaintiff's allegations. Defendants deny that Collins was harassed or that he was treated any differently because of his race or sex. Defendants specifically deny that Plaintiff was threatened or physically assaulted. Defendants further deny any allegation that Plaintiff was forced to resign or that he was constructively discharged.

Plaintiff, who is a black male, was hired by and supervised by Calvin Smith, who is also a black male. Moreover, after Plaintiff resigned from his job, he was replaced by a black male.

Ricasa filed a complaint of sexual harassment against Plaintiff and MWCOG investigated the complaint. Nevertheless, Plaintiff's Complaint accurately states that Plaintiff and Ricasa initially had "a mutual working respect and friendly working relationship. Ms. Ricasa would offer to buy [Plaintiff] lunch or share breakfast with [Plaintiff] almost daily." This fact is inconsistent with Plaintiff's allegation that Ricasa was afraid of Plaintiff because she had been previously assaulted by a black man.

Defendants also note that the Complaint is untimely. The EEOC on November 16, 2006 made a finding of no probable cause and issued a right to sue notice (Exhibit 1) under the "mailbox rule." The March 16, 2007 Complaint is beyond the 93 day time period to file a Complaint.

3

that these elements exist. *See Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990). In such a case, before filing an answer, the defendant may move to dismiss the complaint on the grounds that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Alternatively, after the complaint is answered, the defendant may move for judgment on the pleadings. Fed. R. Civ. P. 12(c).

When considering a motion to dismiss or for judgment on the pleadings, the Court considers the facts set out in the complaint as true. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1273 (D.C. Cir. 1994). However, the Court should not accept the inferences drawn by a plaintiff if those inferences are unsupportable by the facts alleged in the complaint. The same standard also applies to *pro se* plaintiffs:

> We also note that Henthorn's complaint was filed *pro se*. *Pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596. 30 L.Ed. 2d 652 (1972). Nonetheless, "*[a] pro se complaint, like any other, must present a claim upon which relief can be granted by the court.*" *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981). *And, liberal as these pleading standards may be, the district court "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations."* *Kowal*, 16 F.3d at 1276.

*Henthorn v. Dept. of the Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994) (emphasis added).

It is axiomatic that"[w]hile the complaint need not state with precision all elements giving rise to a legal basis for recovery, it should contain either direct or indirect allegations (from which inferences can be made) on every material point necessary to sustain recovery on any legal theory." *Toberman v. Copas*, 800 F. Supp. 1239, 1243 (M.D. Pa. 1992). *See also, Davis v. Frapolly*, 717 F. Supp. 614, 615 (N.D. Ill. 1989). It is clear that "conclusory allegations are not sufficient to state a claim upon which relief can be granted." *Edgin v. Pavlina*, 131

F.R.D. 145, 149 (N.D. Ind. 199). *See also, Ghouth v. Conticommodity Services, Inc.*, 642 F. Supp. 1325, 1328 (N.D. Ill. 1986). Speculative and conclusory averments simply do not state a cause of action without factual support. *Waters v. State Farm Mutual Automobile Ins. Co.*, 158 F.R.D. 107, 108 (S.D. Tex. 1994); *Fisher v. Cincinnati*, 753 F. Supp. 681, 685 (S.D. Ohio 1990) (bare assertions and legal conclusions are insufficient to state a claim).

In this case, the Plaintiff has failed to state any cause of action against either Defendant upon which relief could be granted. Thus, Plaintiff's Complaint should be dismissed in its entirety.

Plaintiff's Complaint is merely a rambling compendium of complaints concerning his alleged treatment by the MWCOG and his relationship with Ricasa, a co-worker. Even if Plaintiff's factual allegations are taken as true, they do not support causes of action for discrimination and/or discriminatory discharge based on race or sex in violation of Title VII.

For example, Plaintiff alleges that other employees in his department used "racial slurs directed at Mr. Smith . . . based on his race and gender" (Complaint, page 2). However, Smith was Collins' supervisor. Racial slurs allegedly directed at Smith, a black male, do not support a claim that Smith discriminated against Collins, another black male. Since the Plaintiff was supervised by a black male and he was replaced by a black male, he can not make a *prima facie* case of race or sex discrimination.

Collins alleges that Ricasa "displayed a generally negative attitude towards work and co-workers" (Complaint, page 2). This conduct was allegedly directed at all co-workers. Such an allegation does not support claims of race and sex discrimination against Plaintiff, especially when Collins admits that Ricasa was initially friendly towards him (Complaint, page 2).

Collins' asserts that a rodent infestation existed at MWCOG. There are no allegations in the Complaint, however, which would even arguably support a claim that this infestation is evidence of race or sex discrimination.

In his Complaint, Plaintiff was obligated to identify enough facts which, if taken as true, would "raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ____, Slip Op. at 8 (2007). The allegations in Plaintiff's Complaint, even taken as true, do not rise above mere speculation. They do not present a triable issue. Collins' Complaint fails to state a claim upon which relief may be granted. It should, therefore, be dismissed.

II.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS UNTIMELY

The EEOC issued a Dismissal and Notice of Rights, also known as a right to sue letter, on November 16, 2006 (Exhibit 1). The notice advised Plaintiff that any lawsuit based on Collins' allegation of discrimination must be filed within ninety days of receipt of the notice. The notice was presumably received by Plaintiff three days later. *Sherlock v. Montefiore Medical Center*, 84 F.3d, 522, 525 (2d Cir. 1996). Three days after November 16, 2006 was Sunday, November 19, 2006. Thus, Collins is presumed to have received his right to sue letter on Monday, November 20, 2006. Ninety days after November 20, 2006 was Sunday, February 18, 2007. February 19, 2007 was a federal holiday. Thus, Collins' Complaint was required to be filed no later than Tuesday, February 20, 2007. It was not, however, filed until almost one month later on March 15, 2007.

Plaintiff's failure to bring this lawsuit within ninety (90) days of the EEOC's final determination on his administrative charge renders his Complaint untimely. *See* 42 U.S.C. §2000e-5(f)(1) (an allegedly aggrieved party has 90 days to institute civil suit). Here, Plaintiff filed his Complaint more than 100 days after receiving the EEOC's right-to-sue notice. Accordingly, Plaintiff's Complaint must be dismissed as a matter of law. *Smith-Haynie v.*

*District of Columbia*, 155 F.3d 575, 578 n.3 (D.D.C. 1998) (affirming dismissal when plaintiff filed on the 92nd day after receipt of the EEOC notice of right to sue).

A plaintiff's *pro se* status does not excuse his failure to meet a statutory filing deadline. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines"); *see also Henthorn*, 29 F.3d at 684 ("a *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court."). Because Plaintiff's Complaint is untimely it should be dismissed and judgment should be entered in favor of MWCOG and Ricasa.

III.   IN THE ALTERNATIVE, RICASA SHOULD BE DISMISSED FROM THIS ACTION AS A DEFENDANT BECAUSE SHE MAY NOT BE HELD PERSONALLY LIABLE UNDER TITLE VII

Title VII prohibits discriminatory employment practices, such as discrimination based on race, sex, or national origin. Liability for unlawful discrimination is imposed on employers, as that term is defined by the statute. Title VII defines an employer as a person who employees 15 or more individuals, and that person's agents. 42 U.S.C. §2000e(b). Thus, the term "employer" includes *both* the actual employer and its agents.

In *Gary v. Long*, 59 F.3d 1391 (D.C. Cir.). *cert. denied*, 516 U.S. 1011 (1995), the United States Court of Appeals for the D.C. Circuit held that Title VII does not impose individual liability on supervisory employees. Gary alleged that Long, one of her supervisors, had engaged in a pattern of sexual harassment, including threatening Gary with termination of her employment, if she did not submit to Long's advances. *Id*. at 1394. Nevertheless, the Court held that, under Title VII, Long could not be held personally liable for his alleged conduct:

> Thus, while a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII.

7

\* \* \*

> Considering the evidence in the light most favorable to Gary, we find that Long qualifies as an employer under Title VII because he served in a supervisory position. *Because Long cannot be held liable in his personal capacity, however, Gary's claim essentially mergers with her claim against WMATA. Accordingly, we conclude that the magistrate judge did not err in dismissing Gary's Title VII claim against Long.*

*Id.* at 1399 (emphasis added). *See also, Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991); *Jones v. District of Columbia*, 346 F. Supp. 2d 25, 40-41 (D.D.C. 2004); *Stack v. Turnage*, 690 F. Supp. 328 (M.D. Pa. 1988); *Bradley v. Consolidated Edison Co.*, 657 F. Supp. 197, 207 (S.D. N.Y. 1987). Thus, Plaintiff cannot maintain a cause of action against Ricasa personally, and Ricasa should be dismissed from this action as a Defendant.

## CONCLUSION

Defendants' motion for judgment on the pleadings should be granted. Alternatively, Ricasa should be dismissed from this action as a Defendant.

    Respectfully submitted,

    METROPOLITAN WASHINGTON COUNCIL
    OF GOVERNMENTS and
    MARIE RICASA


    By_____/s/ Lawrence P. Postol_____
      Lawrence P. Postol, DC Bar No. 239277
      James M. Mesnard, DC Bar No. 404385
      Their Attorneys

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC  20006-4004
(202) 463-2400

Dated:  June 13, 2007

DC1 30201435.1

| EEOC Form 161 (3/98) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
|---|---|

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Madison Collins, Jr.<br>7157 Marbury Ct.<br>District Heights, MD 20747 | From: | Washington Field Office - 570<br>1801 L Street, N.W.<br>Suite 100<br>Washington, DC 20507 |
|---|---|---|---|

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 570-2006-01302 | Janet Stump,<br>Enforcement Supervisor | (202) 419-0700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Janet A. Stump for_
Dana Hutter,
Director

NOV 16 2006
*(Date Mailed)*

Enclosures(s)

cc:  Imelda Roberts
Human Resources Director
METROPOLITAN WASHINGTON COUNCIL OF GOVERNMENT
777 N. Capitol Street, NE
Suite 300
Washington, DC 20002

**EXHIBIT 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MADISON COLLINS, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 07-497 (HHK)** |
| v. ) | |
| ) | |
| **METROPOLITAN WASHINGTON** ) | |
| **COUNCIL OF GOVERNMENTS,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Upon consideration of Defendants' motion for judgment on the pleadings, and the supporting and opposing memoranda of points and authorities, it is hereby ORDERED, this _____ day of _____, 2007 that Defendants' motion for judgment on the pleadings is GRANTED and that Plaintiff's Complaint is dismissed with prejudice and judgment is hereby entered in Defendants' favor.

By_____
  Ellen S. Huvelle
  United States District Judge

DC1 30201559.1