IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MADISON COLLINS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-497 (HHK) |
| v. ) | |
| ) | |
| METROPOLITAN WASHINGTON ) | |
| COUNCIL OF GOVERNMENTS, *et al.* ) | |
| ) | |
| Defendants. ) | |

<u>RULE 16 REPORT</u>

The Plaintiff, Madison Collins, Jr., and the Defendants, the Metropolitan Washington Council of Governments ("MWCOG") and Marie Ricasa ("Ricasa"), by their undersigned counsel and pursuant to Local Rule 16.3, respectfully submit this Rule 16 Report. Where the parties' positions differ, the Plaintiff's position is given first, and then the Defendants' position.

The parties provide the following Rule 16.3 Report to the Court, following the Court Rule 16.3(c) numbering:

1. PLAINTFF: The Plaintiff notes, the Court has ruled on the Defendant's previous motions for judgment on pleadings as moot and without prejudice. The Plaintiff intends to go trial unless a reasonable settlement can be reached. It is the Plaintiff's position any motion from the Defendant for summary judgment should accompany discovery to support the argument(s) and the deadline be set on October 31, 2007, to file summary judgment motions. Also, any such motions should refer to the guidelines set under Rule 26(a)(1), F.R.Civ.P.

DEFENDANTS: Defendant intends to file a motion for summary judgment by October 31, 2007. Defendants' counsel has explained to the Plaintiff that the motion for summary judgment will be supported by affidavits.

2. PLAINTIFF: The Plaintiff believes no parties are to be joined. The Plaintiff requests November 19th, 2007 as the deadline to submit amended pleadings to the Court. In an effort to narrow definitive facts about the case, the Plaintiff points out that the Defendants had ample opportunity to submit discovery supporting their denial of wrong doing but chose not to. The Plaintiff notes the Defendants' Did Not deny doing any of the charges in the original and amended complaint. Also, the Defendants argument that Defendant Calvin Smith was the sole decision maker for terminating the Plaintiff is not accurate. The Plaintiff confirms his Direct Supervisor was Nancy Rea and requested the Court allow the Plaintiff to submit a more organized complaint in a legal format detailing the charges to the Court. The evidence will show the Defendant Nancy Rea effectively terminated the Plaintiff when she demanded the Plaintiff's termination to Director Calvin Smith on April 28, 2006, and then refused to work with the Plaintiff from that date until the Plaintiff was forced to resign June 30, 2006 and is supported by the Unemployment Hearing the litigant has on file with the District of Columbia Unemployment Office. The Plaintiff believes Ms. Rea's decision to terminate the Plaintiff was strictly based on the Plaintiff's Sex (Male) and Race (Black), because of the racially explicit attitude, statements and actions thrust upon the Plaintiff when the harassment by Defendant Marie Ricasa started. The Plaintiff agrees Mr. Smith is the Defendant who "Forced the Plaintiff to Resign" but strictly under the pressure and guise of Ms. Rea which the Plaintiff believes borders on coercion. The Plaintiff had direct conversations with Mr. Smith directly following Ms. Rea's demand to terminate the Plaintiff to support that claim. The Plaintiff further contends that Human Resources Director Imelda Roberts refused to assist the Plaintiff when told about the request from Nancy Rea to terminate the Plaintiff and allowed the Forced Resignation by Defendant Calvin Smith to proceed without cause or action stating to the Plaintiff "Calvin is handling this.

There is nothing I can do".  Ms. Roberts was the Human Resources Director.  The Plaintiff contends the "Wrongful Termination" through "Forced Resignation" is what prompted the Plaintiff to file charges for all of the "Causes of Action" in the Amended Complaint.

        DEFENDANTS: There are no joiners or amendments necessary.  The Plaintiff's request for amendments by November 21, 2007 is unreasonable.  The Plaintiff has already been allowed an amendment after the Defendants answered.  The Plaintiff seems to think he can change his story to respond to Defendants defenses, which is not, of course, the purpose of amendments.  The Defendants are entitled to have a fixed Complaint to defend against, and not a moving target.

    2.    The case should remain with the District Judge.

    3.    PLAINTIFF:  The Plaintiff suggests seeking Alternative Dispute Resolution (ADR), or some other form of dispute resolution offered through the Court to quickly settle the case.  The Plaintiff's position is the Defendants have failed to produce any substantive defense based on the Defendants arguments, answers and motions nor have the Defendants presented any form of discovery to dispute the charges.  The Plaintiff contends this strongly suggests the Defendants have no defense to the charges.  In light of those facts and the Plaintiff's intention to promulgate additional charges, the Plaintiff would agree to use ADR as an impartial way to expeditiously settle the case.

        DEFENDANTS:  At Defendant's suggestion, the parties had a settlement conference with Magistrate Judge Facciola which was not successful.  The Defendant believes it is unlikely this case will settle, since the parties are far apart.  It is not a lack of knowledge of the evidence that is a problem.  The Defendant does not believe that the Plaintiff has any kind of case since the decision maker and his ultimate supervisor, who hired the Plaintiff, and who

3

ultimately recommended he seek employment elsewhere, was a black male, the same as the Plaintiff.  Moreover, the person the Plaintiff claims harassed him and assaulted him by closing a door on his hand, was very friendly towards the Plaintiff when they first worked together, by the Plaintiff's own admission.  Thus, whatever caused the alleged change in her attitude, could not have been the Plaintiff's race or gender, which of course did not change.

4. See paragraph 3 above.

5. See paragraphs 1 and 3 above.

6. PLAINTIFF:  The Plaintiff suggests allowing Rule (26)(a)(1),F.R.Civ.P., as required by the rule and requests the date November 19, 2007 as the deadline for submitting all disclosures.

DEFENDANTS:  Plaintiff has his numbering mixed up.  This paragraph deals with summary judgment, and as noted above, Defendants intend to file for summary judgment by October 31, 2007.  With respect to Rule 26(a)(1), Defendants do not believe the Plaintiff understands what Rule 26(a)(1) requires, and the implications of his failure to make a full disclosure.  Thus, the Defendant believes Rule 26(a)(1) should be waived.

7. PLAINTIFF:  The Plaintiff proposes discovery should end on November 30, 2007, except for expert discovery.

DEFENDANTS:  Again, Plaintiff has his numbering mixed up. With respect to Rule 26(a)(1), Defendants do not believe the Plaintiff understands what Rule 26(a)(1) requires, and the implications of his failure to make a full disclosure.  Thus, the Defendant believes Rule 26(a)(1) should be waived.  With respect to discovery, November 30, 2007 is cutting it rather close.  Defendants had suggested December 31, 2007, but are willing to live with November 30, 2007, if that is what the Plaintiff wants.

8. The parties agree that discovery should end on November 30, 2007, except for expert discovery. [Defendants had proposed December 31, 2007, but are willing to agree to Plaintiff's request for November, 30, 2007].

9. The parties agree for the expert Rule 26(a)(2) exchanges by November 30, 2007, and expert depositions, if any, to be completed by December 31, 2007 [Again, the suggestion for November 30, 2007 is the Plaintiff's suggested date].

10. Not applicable (class action).

11. PLAINTIFF: The Plaintiff proposes bifurcation of the case would better outline the case during trial. The Plaintiff asserts that each of the "Causes of Action" in the Amended Complaint surmounts and each "Cause of Action" was either done individually by the Defendants or is inclusive. The Plaintiff was systematically harassed and character assassinated by the Defendant Marie Ricasa, which was allowed to continue without discipline by the Defendants in the positions of authority at COG responsible for regulating that behavior on COG premises who except for Defendant Calvin Smith were all females and either White or of Asian decent. The Defendants neglect to protect the Plaintiff from the harassment led to the assault on COG premises by Ms. Ricasa to the Plaintiff, when she deliberately closed a large heavy door on the Plaintiff's hand seriously injuring the Plaintiff on January 20, 2006. The Defendants then participated either individually or inclusively in continued Sexual and Racial Discrimination, Stereotyping, Retaliation, Micromanaging and ultimate Wrongful Termination of the Plaintiff which is all in accordance with the serious Emotional Distress the Plaintiff suffered from and continues to be affected by strictly because of the Plaintiffs Race (Black) and Sex (Male).

DEFENDANTS: The Defendants do not believe bifurcation of the trial is needed.

DC1 30208395.4 / 54509-000002

12. PLAINTIFF: The Plaintiff would propose January 7, 2008 for the pre-trial.

DEFENDANTS: January 7, 2008 would be fine with the Defendants, but since expert discovery ends December 31, 2007, that is cutting it rather close.

13. The parties believe the trial date should be set at the pre-trial conference.

14. PLAINTIFF: The Plaintiff suggests November 19, 2007 as the deadline to submit any additional matters that need to be presented to the Court.

DEFENDANTS: Defendant believes there are no other matters which need to be addressed.

Respectfully submitted,

| MADISON COLLINS, JR. | METROPOLITAN WASHINGTON COUNCIL OF GOVERNMENTS and MARIE RICASA |
|---|---|
| By: __/s/ Madison Collins, Jr.__<br>Madison Collins, Jr.<br>7157 Marbury Court<br>District Heights, MD  20747<br>(301) 516-7756<br>eli6elon4@aol.com | By:       /s/ Lawrence P. Postol<br>Lawrence P. Postol, DC Bar No. 239277<br>James M. Mesnard, DC Bar No. 404385<br>SEYFARTH SHAW LLP<br>815 Connecticut Avenue, N.W., Suite 500<br>Washington, DC  2006-4004<br>(202) 463-2400<br>Lpostol@seyfarth.com |

Dated: October 9, 2007