UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MADISON COLLINS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-497 (ESH) |
| ) | |
| METROPOLITAN WASHINGTON COUNCIL ) | |
| OF GOVERNMENTS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MOTION TO COMPEL DISCOVERY AND PRECLUDE EVIDENCE

The Defendant, Metropolitan Washington Council of Governments, by its counsel, respectfully files this motion to compel the Plaintiff to disclose the identify of his current supervisor, so the supervisor can be subpoenaed for a deposition before the January 31, 2008 discovery cut off. Also, because the Plaintiff has never filed a Rule 26(a) disclosure report, he should be precluded from offering any evidence at trial except his own testimony.

As the Court will recall, the Plaintiff has filed this lawsuit pro se, claiming race and sex discrimination, despite the fact that the Plaintiff is an African-American male whose employment was terminated (the Plaintiff resigned instead of being fired) by an African-American male, Calvin Smith, who was also the same person who hired the Plaintiff. The Plaintiff's employment was ended for well documented performance problems. He was replaced by an African-American male.

The Plaintiff is now working elsewhere, and the Defendant wishes to depose his current supervisor so the Defendant can determine (1) what the Plaintiff told the supervisor about Defendant and Plaintiff's work at Defendant, (2) if the Plaintiff fully mitigated his damages with his current employer, (3) if the Plaintiff has any adverse effects from his leaving Defendant's

employment and if he has suffered mental anguish as he has claimed, and (4) if Plaintiff has the same job performance problems at his current employer as he had with Defendant. Defendant served the following interrogatory on the Plaintiff on December 18, 2007:

INTERROGATORY NO. 7: Identify your current employer and your direct supervisor, your job duties and your compensation. Identify anyone with your current employer who you believe treats you unfairly or in a discriminatory manner.

Since the answer is due January 17, 2008, Defendants' counsel asked Plaintiff for a date for the deposition of the supervisor, suggesting January 21, 2008. Plaintiff objected to the deposition of his current supervisor, thus prompting this motion.

In addition, Plaintiff has never filed the required Rule 26(a) disclosure report, and the time for doing so is long since past. Since he has failed to disclosure persons with knowledge and relevant documents, he should be precluded from offering any such evidence at trial.

## CONCLUSION

Defendants' motion to compel should be granted.

          Respectfully submitted,

          METROPOLITAN WASHINGTON COUNCIL
          OF GOVERNMENTS, *et al*.


          By  /s/_____
             Lawrence P. Postol, DC Bar No. 239277
             James M. Mesnard, DC Bar No. 404385
             Their Attorneys

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, DC  20006

Dated:  January 9, 2008

3

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing MOTION TO COMPEL DISCOVERY was mailed first class, postage prepaid, this 9th day of January, 2008 to:

>Madison Collins, Jr.
>7157 Marbury Court
>District Heights, MD 20747

                    /s/_____
                    Lawrence P. Postol

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MADISON COLLINS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.  07-497 (ESH) |
| v. ) | |
| ) | |
| METROPOLITAN WASHINGTON ) | |
| COUNCIL OF GOVERNMENTS, *et al.* ) | |
| ) | |
| Defendants. ) | |

ORDER

Upon consideration of the Defendants' Metropolitan Washington Council of Governments' Motion to compel discovery and preclude evidence, and supporting memorandum, and Plaintiff's response to same, it is hereby

ORDERED

1. The motion to compel and precluded evidence is granted.

2. Plaintiff shall within 2 days identify the name, telephone number and business address of his current supervisor to Defendant, and Plaintiff shall have 15 days from this order to arrange the deposition of the supervisor.

3. Plaintiff at trial shall be precluded from offering any evidence except his own testimony.

_____   _____
Judge                                                    Dated

Serve:

Madison Collins, Jr.
7157 Marbury Court
District Heights, MD  20747
(301) 516-7756
eli6elon4@aol.com

Pro Se Plaintiff

Lawrence P. Postol, DC Bar No. 239277
James M. Mesnard, DC Bar No. 404385
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC  2006-4004
(202) 463-2400
Lpostol@seyfarth.com

Counsel for Defendants

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MADISON COLLINS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-497 (ESH) |
| ) | |
| METROPOLITAN WASHINGTON COUNCIL ) | |
| OF GOVERNMENTS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL DISCOVERY AND PRECLUDE EVIDENCE

   The Defendant, Metropolitan Washington Council of Governments, by its counsel, respectfully files this memorandum of points and authorities in support of its motion to compel the Plaintiff to disclose the identify of his current supervisor, so the supervisor can be subpoenaed for a deposition before the January 31, 2008 discovery cut off, and to preclude evidence from the Plaintiff because he has never filed a Rule 26(a) disclosure report.

   Federal Rule of Civil Procedure 37 allows the Court to compel discovery. Likewise, Rule 26(a) requires a disclosure report, and Rule 37(c)(1) explicitly provides that when a party fails to make the Rule 26 (a) disclosures, the Court should preclude a party from offering evidence which should have been disclosed in the Rule 26 report.

## CONCLUSION

Defendants' motion to compel should be granted.

                                        Respectfully submitted,

                                        METROPOLITAN WASHINGTON COUNCIL
                                        OF GOVERNMENTS, *et al*.

                                        By   /s/_____
                                            Lawrence P. Postol, DC Bar No. 239277
                                            James M. Mesnard, DC Bar No. 404385
                                            Their Attorneys

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, DC  20006

Dated:  January 9, 2008

2

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY was mailed first class, postage prepaid, this 9th day of January, 2008 to:

> Madison Collins, Jr.
> 7157 Marbury Court
> District Heights, MD 20747

                                                 /s/_____
                                                  Lawrence P. Postol

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MADISON COLLINS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-497 (ESH) |
| v. ) | |
| ) | |
| METROPOLITAN WASHINGTON COUNCIL ) | |
| OF GOVERNMENTS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Defendant, Metropolitan Washington Council of Governments ("MWCOG"), by its undersigned counsel and pursuant to Federal Rules of Civil Procedure 33 AND 34, propounds the following interrogatories and request for production of documents to Plaintiff Madison Collins, Jr., for response under oath or affirmation no later than thirty (30) days after service. Plaintiff's interrogatory answers and documents should be sent to Defendant's counsel, Lawrence P. Postol, Seyfarth Shaw LLP, 815 Connecticut Avenue, N.W., Suite 500, Washington, D.C. 20006.

**INSTRUCTIONS AND DEFINITIONS**

The following instructions and definitions are to be utilized in complying with these requests:

A.    "Plaintiff" or "you" designates Plaintiff Madison Collins, Jr., his attorneys, spouse, family members, agents, consultants, experts, investigators, representatives, or any other persons acting on his behalf.

B. These interrogatories are addressed to Plaintiff Madison Collins, Jr., and any of his agents, representatives, attorneys, or other persons acting on his behalf. If the requested information or documents are known by Plaintiff to exist or are not in the possession of Plaintiff, her agents, representatives, attorneys, or other persons acting on her behalf, Plaintiff should so indicate and provide the name of the person or entity maintaining the documents or possessing the information. Each discovery request not only calls for the knowledge of the Plaintiff but also for all knowledge that is available to the Plaintiff through reasonable inquiry, including inquiry of her representatives and agents.

C. "Person" refers to and includes a natural person, individual, joint venture, partnership, proprietorship, firm, corporation or any kind of business or legal entity, its agents or employees.

D. The terms "document" and "documents" when used herein mean all materials within the full scope of Federal Rule of Civil Procedure 34, including but not limited to: all writings and recordings and electronic and digitally stored documents and data, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but without limitation to, email and attachments, Excel or other spreadsheets, word processing documents, internet or web forms or pages downloaded or otherwise saved in electronic or other form, correspondence, memoranda, notes, diaries, minutes, facsimiles, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, diaries, journals,

calendars, electronic calendars (such as Outlook, Palm-based calendars or datebooks, and on-line or internet datebooks and calendars) day timers, appointment books, handwritten and/or personal notes, electronic communications, tape recordings, telephone conversation messages, and notes of meetings, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical, digital or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including metadata.

    E.    As used herein:

        1.    The term "Complaint" refers to the Amended Complaint filed by Plaintiff on or about August 17, 2007 in this case.

        2.    The phrases "relate to," "refer to," and "reflect upon" are intended to have the broadest possible meanings, and include any logical or factual connection with the matters discussed.

        3.    The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

        4.    Any word written in the singular shall include the plural and *vice versa*.

        5.    "Any," "each," "the," "every," and "all' shall be construed to bring within the scope of these requests for production the broadest response possible.

        6.    Whenever appropriate in these requests, the masculine form of a word shall be interpreted as feminine, and *vice versa*.

        7.    "Identify" in terms of a person means to identify their name and their business address and phone number, or if it is unknown, their last know home address and telephone number.

        8.    "Identify" in terms of documents, means to describe the document addressee, author, date, and content. In lieu of such identification of the document, you can produce a copy of the document.

DC1 30210612.1 / 54509-000002

F.  Any other words used herein shall be defined according to standard American usage, as shown in a dictionary of the English language.

G.  If Plaintiff objects to an interrogatory as calling for information which is beyond the scope of discovery, Plaintiff must, nevertheless, answer the interrogatory to the extent that it is not objectionable.  If Plaintiff objects to an interrogatory as seeking work product or communication protected by the attorney-client or other privilege, Plaintiff must produce all responsive information which is not protected by privilege or the work product doctrine. Plaintiff must also serve upon the undersigned attorneys for Defendant a written list of the withheld communications or documents, including the following information as to each such communication or document: (a) its date; (b) a physical description of the document withheld, including size, length, typed or handwritten, *etc.*; (c) a description of the subject matter of the document or information withheld; (d) the names(s) of the person(s) who created the document or communication; (e) the name(s) of the person(s) or other entity(ies) to whom it was addressed or communicated; (f) the name(s) of each person(s) or entity(ies) to whom the item or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or in any manner disclosed; (g) a statement of the ground(s) on which each such document or communication is considered to be protected from discovery; and (h) the name(s) of all person(s) on whose behalf the privilege is asserted.

H.  These discovery requests are continuing in nature so as to require you to provide supplemental documents as set forth in the Federal Rules of Civil Procedure.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**  Please identify facts, all persons with information, and all documents, which support the allegations in your Amended Complaint.  Please identify the information each person has which supports the allegations in your Amended Complaint.

ANSWER:

INTERROGATORY NO. 2:    Identify all persons having knowledge or information which you believe relates to any of the allegations in your Amended Complaint. Please identify the information you believe each person has which relates to any allegations in your Amended Complaint.

ANSWER:

INTERROGATORY NO. 3: Identify all statements, actions, conduct or alleged misconduct by Defendant MWCOG or any current or former employee, agent or representative of Defendant MWCOG, which support the allegations in your Amended Complaint, or which show a discriminatory motive by Defendant MWCOG, based on your race or gender.

ANSWER:

INTERROGATORY NO. 4: All communications by you or your counsel or agents with Defendant MWCOG including any current or former employee, agent or representative of the Defendant since your employment with Defendant MWCOG ended.

ANSWER:

DC1 30210612.1 / 54509-000002

INTERROGATORY NO. 5: Identify all statements, conduct, or misconduct by Defendant MWCOG and its employees and agents which you claim constitute the hostile work environment you claim you were subjected to.

ANSWER:

INTERROGATORY NO. 6: Identify all statements, conduct or misconduct by Defendant MWCOG and its employees and agents which constitute the retaliation against you, and please explain why you believe Defendant MWCOG retaliated against you.

ANSWER:

INTERROGATORY NO. 7:	Identify your current employer and your direct supervisor, your job duties and your compensation. Identify anyone with your current employer who you believe treats you unfairly or in a discriminatory manner.

ANSWER:

INTERROGATORY NO. 8:	Identify all person(s) or institutions who have ever employed you or contracted for your services in any form or manner, and any self-employment you have engaged in (and identify your job location, what your position/job title was, and what your job duties and work hours were) from January 1, 1990 to the present.

ANSWER:

DC1 30210612.1 / 54509-000002

INTERROGATORY NO. 9: Please identify any efforts you have made to find employment since January 1, 2003 and identify all supporting documentation. Please identify all employment you considered applying for or did apply for, when or approximately when you applied or considered applying for the job, the job title and duties, any job application you completed, and identify your communications with the employer, including approximately when you had the communication.

ANSWER:

INTERROGATORY NO. 10: Please identify all witnesses who you will be calling to testify at trial, provide a summary of their expected testimony, and identify all documents you will introduce into evidence or use for impeachment or rebuttal at trial.

ANSWER:

<u>INTERROGATORY NO. 11</u>: Identify each person whom you expect to call as an expert witness at trial and state the following:

 (a) The subject matter on which each such expert is expected to testify;

 (b) The substance of the facts and opinions to which each such expert is expected to testify;

 (c) A summary of the grounds for each such opinion.

<u>ANSWER</u>:

<u>INTERROGATORY NO. 12</u>: Please identify all damages you claim in this case, how you calculated them, and all supporting documents.

<u>ANSWER</u>:

**<u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

<u>REQUEST NO. 1</u>: Please produce all documents identified in your interrogatory answers.

                                    Respectfully submitted,

                                    METROPOLITAN WASHINGTON
                                    COUNCIL OF GOVERNMENTS

                              By _____
                                    Lawrence P. Postol
                                    SEYFARTH SHAW LLP
                                    815 Connecticut Avenue, N.W.,
                                    Suite 500
                                    Washington, DC  20006-4004
                                    (202) 463-2400

Dated:  December 18, 2007            Attorneys for Defendant

DC1 30210612.1 / 54509-000002

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Defendant's First Set of Interrogatories and Request For Production of Documents to Plaintiff, were served by <u>regular and</u> <u>certified</u> <u>mail</u> and regular mail this 18th day of December, 2007, upon:

>Madison Collins, Jr.
>7157 Marbury Court
>District Heights, MD  20747

_____
Lawrence P. Postol