UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JAN 2 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| MADISON COLLINS, JR., <br> Plaintiff, <br><br> v. <br><br> METROPOLITAN WASHINGTON COUNCIL <br> OF GOVERNMENTS, et al., <br><br> Defendants. | Civil Action No. 07-497(HHK) |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO COMPEL THE DEPOSITION OF THE PLAINTIFF'S CURRENT SUPERVISOR

Plaintiff Madison Collins Jr. motions that the Defendants, Metropolitan Washington Council of Governments, (COG) motion to compel the deposition of Plaintiff Madison Collins Jr. current supervisor be denied. The Defendants request for Deposition of the Plaintiff's current supervisor, in the opinion of the Plaintiff is well outside of the scope of discovery and can not contribute to any of the determining facts that could resolve this case and should be denied based on these facts:

1. The "Causes of Action" that impelled this case took place from June 2005, when the Plaintiff began working in the HSPPS division at COG through June 30, 2006, when the Plaintiff was wrongfully terminated by Nancy Rea leaving the Plaintiff without income and health insurance for the Plaintiff's and his

children for nearly a year. All the charges in the Plaintiff's "Original" and Amended Complaint took place solely on COG premises at 777 North Capitol Street, NE Washington, DC and not at the Plaintiff's current job site and was not witnessed by the Plaintiff's current supervisor.

2. The Plaintiff began working for his current employer in May, 2007. His current employer performed a detailed background check before hiring the Plaintiff as well as did COG who hired the Plaintiff based on the Plaintiff's credentials and background check which was done when the Plaintiff was hired by COG in June of 2004. Further, there is no pattern of behavior that can be established by deposing the Plaintiff's current supervisor because the current supervisor can not corroborate any facts related to the case against Marie Ricasa and COG. The current supervisor was not present when the offenses were committed by the Defendants.

3. The Plaintiff's affirms that compelling the deposition of his current supervisor will only add to the defamatory nature of case and augment significantly the Plaintiff's emotional distress by seriously damaging the Plaintiff' professional image at his new job as he stresses to put these serious offenses committed against him by the Defendants behind him. The bulk of the Defendant's statements and affidavits submitted to the court thus far are horrifically defamatory, mostly fabricated, slanderous and simply not true. The plaintiff affirms the Defendant's inaccuracies in their statements will be established at trial by testimony of actual witnesses to the offenses who can give an accurate and truthful account of the incidents described in the Plaintiff's complaint.

Pursuant with aforementioned facts described by the Plaintiff to deny the Defendants request to "Compel the Deposition of the Plaintiff's Current Supervisor" the Plaintiff contends that the Defendant's motion failed to establish the necessity to depose the Plaintiff's current supervisor, and requests the Defendants motion be **Denied.**

                Respectfully submitted,

                */s/ Madison Collins*

                Madison Collins Jr., Plaintiff
                7157 Marbury Court
                District Heights, MD 20747
                (301) 516-7756

January 23, 2008

## CERTIFICATE OF SERVICE

This is to certify that a true copy of "Plaintiff's Response In Opposition to Defendants Motion to Compel the Deposition of the Plaintiff's Current Supervisor" was served by regular and certified mail and mailed today January 24, 2008, to:

        Lawrence P. Postol, Counsel for Defendants
        SEYFARTH SHAW LLP
        815 Connecticut Avenue, N.W.
        Suite 500
        Washington, DC 20006-4004
        (202) 463-2400