**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MADISON COLLINS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-497 (ESH) |
| ) | |
| METROPOLITAN WASHINGTON COUNCIL ) | |
| OF GOVERNMENTS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY AND PRECLUDE EVIDENCE

The Defendants, Metropolitan Washington Council of Governments and Marie Ricasa, by their counsel, respectfully file this reply memorandum of points and authorities in support of their motion to compel the Plaintiff to disclose the identify of his current supervisor, so the supervisor can be subpoenaed for a deposition, and to preclude evidence from the Plaintiff because he has never filed a Rule 26(a) disclosure report.

The Plaintiff argues that his current supervisor should not be deposed because his current employer ran a background check on him, and was not involved with his employment with Defendant Metropolitan Washington Council of Government. The Defendants, however, are allowed to depose the Plaintiff's current employer to determine (1) what the Plaintiff told his current employer about his work at Defendant Metropolitan Washington Council of Government, and why he left that job. The Plaintiff of course resigned from his job at Defendant Metropolitan Washington Council of Government, but he is claiming it was a forced resignation; (2) the Defendants also need to determine if the Plaintiff fully mitigated his damages with his current employment, and if his claimed hand injury interferes with his work with his current employer.

2

The Plaintiff does not respond to the motion to preclude due to his failure to comply with the Rule 26(a)(1) Disclosures, although he has filed a motion to revise the scheduling order. Defendants would note that it was the Plaintiff who insisted on Rule 26(a)(1) Disclosures, despite the Defendants warning him of the consequences of doing so, and Defendants' suggestion that the Rule be waived. See paragraph 6 of the Rule 16 Report filed on October 9, 2007. Plaintiff claims he did not realize the consequence of Rule 26(a)(1), but how can that be, when it was he who insisted on its use in the face of Defendants suggestion that the parties waive the Rule. Is Plaintiff admitting he insisted on use of a rule without reading the rule? Indeed, the Plaintiff received Defendants' Rule 26(a)(1) Disclosures on November 1, 2007, so surely by then he knew what was required. This is not a case of a plaintiff providing inadequate disclosures. Rather, the Plaintiff has made no attempt at making the Rule 26(a)(1) Disclosure, nor of answering the Defendants' discovery. Moreover, at the October 22, 2007 hearing, the Court warned the Plaintiff that he would have to comply with the rules.

The Defendants filed their initial Answer on June 12, 2007. Over 6 months has elapsed since then. Plaintiff has not even suggested any good cause for his inaction over the last 6 months in not producing even one piece of evidence in support of his case.

DC1 30215636.5 / 54509-000002

## CONCLUSION

Defendants' motion to compel and preclude should be granted.

>Respectfully submitted,
>
>METROPOLITAN WASHINGTON COUNCIL
>OF GOVERNMENTS, *et al*.
>
>
>By  /s/_____
>   Lawrence P. Postol, DC Bar No. 239277
>   Their Attorneys

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, DC  20006

Dated:  January 28, 2008

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY was mailed first class, postage prepaid, this 28th day of January, 2008 to:

>   Madison Collins, Jr.
>   7157 Marbury Court
>   District Heights, MD 20747

                        \_\_/s/_____
                        Lawrence P. Postol