IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MADISON COLLINS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-497 (ESH) |
| v. ) | |
| ) | |
| METROPOLITAN WASHINGTON ) | |
| COUNCIL OF GOVERNMENTS, et al. ) | |
| ) | |
| Defendants. ) | |

## ERRATA

The Defendants, the Metropolitan Washington Council of Governments ("MWCOG") and Marie Ricasa ("Ricasa"), by their undersigned counsel respectfully submit this errata and attached Defendant's Statement of Material Facts Not in Dispute, which was inadvertently omitted as an attachment to Defendant's Motion for Summary Judgment electronically filed on Monday, February 04, 2008.

Respectfully submitted,

METROPOLITAN WASHINGTON COUNCIL
OF GOVERNMENTS and MARIE RICASA

By: ___/s/ Lawrence P. Postol___
Lawrence P. Postol, DC Bar No. 239277
James M. Mesnard, DC Bar No. 404385
Their Attorneys

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006-4004
(202) 463-2400

Dated: February 5, 2008

DC1 30220002.1 / 54509-000002

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Errata was served by first class mail, postage prepaid, this 5th day of February, 2008 upon:

Madison Collins, Jr.
7157 Marbury Court
District Heights, MD 20747

_____/s/ Lawrence P. Postol_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MADISON COLLINS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-497 (ESH) |
| v. ) | |
| ) | |
| METROPOLITAN WASHINGTON ) | |
| COUNCIL OF GOVERNMENTS, et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT'S STATEMENT OF
## MATERIAL FACTS NOT IN DISPUTE

The Defendants, the Metropolitan Washington Council of Governments ("MWCOG") and Marie Ricasa ("Ricasa"), by their undersigned counsel and pursuant to Local Rule 56, respectfully submit the following Statement of Material Facts which are not in dispute.

1. The Plaintiff's claim in this lawsuit is that Defendant MWCOG discriminated against him based on his race – Africian American and his gender – male, and that Defendant Ricasa assaulted him on January 20, 2006 by closing a door on his hand. Exhibit 1 is the Plaintiff's EEOC charge upon which this lawsuit was filed.

2. Plaintiff, Madison Collins, Jr., was hired as a permanent employee of MWCOG in July, 2004, after having worked as a temporary employee starting in December, 2003. Mr. Collins' job title was Administrative Assistant II, and he reported directly to Calvin Smith, who is the Director of Human Services, Planning and Public Safety for Defendant MWCOG. Mr. Smith made the decision to hire Mr. Collins as a permanent employee of Defendant MWCOG. Mr. Smith initially had Plaintiff report directly to Mr. Smith, and then later, Mr. Smith had the Plaintiff report to Nancy Rea, who in turn reported to Mr. Smith. However, at all times Mr.

Smith was in charge of making decisions as to Plaintiff's discipline and whether Plaintiff's employment with Defendant MWCOG should continue.

3. Defendant MWCOG's decision to hire Plaintiff was made by Calvin Smith.

4. Defendant MWCOG's decision that Plaintiff's employment with Defendant MWCOG needed to end and that he had to seek employment elsewhere was made by Calvin Smith.

5. Plaintiff in his charge to the EEOC, which is Exhibit 1 attached hereto, stated that it was Calvin Smith who "requested that I train my replacement, informing me that I would be terminated effective mid-June 2006." Mr. Smith told the Plaintiff that they needed to go in a different direction, and Mr. Smith gave Plaintiff two months to seek employment elsewhere. Plaintiff understood that at the end of the two months he would either have to resign his employment with Defendant MWCOG, which he ultimately did, or he would be fired. Mr. Smith alone made the decision to terminate Plaintiff's employment with Defendant MWCOG.

6. Mr. Smith selected the replacement for the Plaintiff - Joey Price. Mr. Price took over Plaintiff's position when Plaintiff left Defendant MWCOG in June, 2006. Mr. Price continued with Defendant MWCOG in the position Plaintiff held until November, 2006. Mr. Price left because he was attending college, and he left on good terms.

7. Plaintiff is an African-American male.

8. Calvin Smith is an African-American male.

9. Joey Price is an African-American male.

10. Defedant Ricasa is female, petite even for a female, and under 5 feet tall; whereas Plaintiff is approximately 6 feet tall, and by his own admission, athletic and he engages in many sports.

11. Defendant Ricasa was never the Plaintiff's supervisor, she was only his co-worker.

12. Plaintiff in his Complaint filed in this case on March 15, 2007, admitted that during his first year of employment with Defendant MWCOG, Defendant "Ricasa and I gained a mutual working respect and friendly working relationship. Ms. Ricasa would offer to buy me lunch or share breakfast with me almost daily." Plaintiff in his Complaint alleges that Defendant Ricasa's attitude towards him did not change until August, 2005.

13. The Equal Employment Opportunity Commission ("EEOC") made a no probable cause finding – that there was no evidence that Defendant MWCOG violated the law, and the EEOC issued a right to sue notice to Plaintiff for his EEOC charge, upon which this lawsuit is based on, on November 16, 2006. The finding and notice are Exhibit 2 attached hereto.

14. Plaintiff received the EEOC notice identified in paragraph 6 on or before December 1, 2006.

15. Plaintiff's Complaint in this case was not filed by the clerk until March 15, 2007.

16. While not required to do so, and not at all the norm, Defendant MWCOG gave Plaintiff a salary advance of $2,000 in July, 2005 when he claimed a family emergency as reflected in Exhibit 3 attached hereto.

17. Defendant Ricasa on October 13, 2005 made a complaint to Defendant MWCOG claiming that Plaintiff sexually harassed her as described in Exhibit 4 attached hereto. On October 17, 2005 Defendant MWCOG gave Plaintiff a written disciplinary warning based on Plaintiff's conduct as described in Exhibit 5 attached hereto.

18. Plaintiff had performance problems while working for Calvin Smith, both directly and indirectly, through Nancy Rea. Exhibit 6 attached hereto reflects Defendant MWCOG's

view of the performance problems during Plaintiff's last nine months working at Defendant MWCOG. While Nancy Rea was Plaintiff's direct supervisor during this time period, Mr. Smith's own experience with Plaintiff during this time period confirmed Ms. Rea's complaints about Plaintiff. Thus, Ms. Rea's comments were not at all determinative, but rather Mr. Smith relied upon his own observations and interaction with Plaintiff to make the decision that the Plaintiff's employment with Defendant MWCOG needed to end. Indeed, Ms. Rea's complaints as to Plaintiff were the same kind of problems Mr. Smith experienced when he reported directly to Mr. Smith.

19. Plaintiff alleges Defendant Ricasa assaulted Plaintiff on January 20, 2006. Defendant Ricasa denied the assault occurred and sent a denial memorandum to Defendant MWCOG, exhibit 7 attached hereto. Defendant MWCOG could find no evidence that Defendant Ricasa assaulted Plaintiff, other than Plaintiff's claim. Exhibit 8 attached hereto is a memorandum Defendant MWCOG gave Plaintiff on January 26, 2006, reflecting Defendant MWCOG's response to Plaintiff's claim that Defendant Ricasa assaulted him. The only witness Plaintiff identified to the alleged assault was Owais Rafique, but Mr. Rafique denied to the investigator that he witnessed anything.

20. Plaintiff has no evidence that Defendant Ricasa intentionally closed a door on Plaintiff's hand.

21. Exhibits 3 through 8 are true and accurate copies of business records kept in the ordinary course of business.

Respectfully submitted,

METROPOLITAN WASHINGTON COUNCIL
OF GOVERNMENTS and MARIE RICASA


By: /s/ Lawrence P. Postol
 Lawrence P. Postol, DC Bar No. 239277
 James M. Mesnard, DC Bar No. 404385
 Their Attorneys

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006-4004
(202) 463-2400

Dated:  February 4, 2008

5

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Defendant's Statement of Material Facts Not in Dispute was served by first class mail, postage prepaid, this 4th day of February, 2008 upon:

Madison Collins, Jr.
7157 Marbury Court
District Heights, MD  20747


　　　　　　　　　　　　　　　/s/ Lawrence P. Postol